UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPGGC, INC.,<br>    Plaintiff<br><br>            v.<br><br>THOMAS F. REILLY, Attorney General,<br>    Defendant | Civil Action No. 04-CV- |

### PLAINTIFF, SPGGC, INC.'S MOTION TO EXCEED PAGE LIMIT

Pursuant to Local Rule 7.1(b)(4), Plaintiff, SPGGC, Inc. ("Simon"), hereby requests leave of this Court to submit its *Memorandum of Law in Support of Its Motion for Injunctive Relief* of no more than 25 pages. As grounds for this motion, Simon states that the additional pages are necessary for Simon to fully and cogently present the facts and legal arguments in support of its *Motion for Injunctive Relief*. Specifically, Simon states as follows:

1.  This matter has arisen because Simon was notified by the Attorney General that he intends to file suit against Simon under Massachusetts Consumer Protection Act, Mass. G.L. c. 93A, for violation of the Massachusetts gift certificate law. Simon is seeking (1) a declaratory judgment that the provisions of the Massachusetts gift certificate law are preempted by federal banking law and regulations; (2) a declaratory judgment that the Simon Giftcard at issue is not a "gift certificate" as defined by Massachusetts law; and (3) injunctive relief to prevent the Attorney General from enforcing the provisions of the Massachusetts gift certificate law against the plaintiff until the case has been adjudicated.

2.  In connection with the motion for injunctive relief, Simon argues in its *Memorandum of Law in Support of its Motion for Preliminary Injunction* that it is entitled to relief because of a likelihood of success on the merits on two separate grounds. Simon argues that any attempted enforcement of the statute in this case is preempted by the National Banking

1

Act and the regulations promulgated under the Act. This argument requires a substantial number of pages to adequately describe both the operation of the Giftcard program at issue in the case and an extensive discussion of how prepaid gift cards issued by a national bank are regulated under federal law and therefore subject to federal preemption.

3. Second, Simon argues that it will succeed on the merits because its Giftcards are not included in the definition of "gift certificates" under state law. This argument requires additional space to discuss principals of statutory construction, to describe the definition of "gift certificates" under state law and describe how Simon Giftcards are different and therefore excluded from that definition.

4. To obtain injunctive relief, Simon further argues that it will be irreparably harmed if such relief is not granted. This argument requires a detailed explanation of the Giftcard program, what it means to Simon and how enforcement of the Massachusetts gift certificate law by the Attorney General will harm Simon.

WHEREFORE, Simon requests that this Court grant leave to submit its *Memorandum of Law in Support of Its Motion for Injunctive Relief* of no more than 25 pages.

SPGGC, INC., Plaintiff,

_Paul W. Shaw_
Paul W. Shaw (BBO No. 455500)
Margaret Pinkham (BBO No. 561920)
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111-2600
Telephone: 617-856-8200
Dated: November 12, 2004   Facsimile: 617-856-8201

#1311768 v\3 - browndj - 46003!.doc - 20345/24

2