UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPGGC, INC.,<br>    Plaintiff<br><br>v.<br><br>THOMAS F. REILLY, Attorney General,<br>    Defendant | Civil Action No. 04-CV-12398-RCL |
| COMMONWEALTH OF MASSACHUSETTS,<br>    Plaintiff<br><br>v.<br><br>SIMON PROPERTY GROUP, INC.,<br>    Defendant | Civil Action No. 04-CV-12422-RCL |

### PLAINTIFF'S MOTION TO CONSOLIDATE

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Plaintiff SPGGC, Inc., ("Simon") moves to consolidate for all purposes the above-captioned two cases, referenced hereafter respectively as the "Declaratory Action" (Docket No.: 04-12398-RCL) and the "Removed Action" (Docket No.: 04-12422-RCL).

### MEMORANDUM OF LAW

A.    Standard For Consolidation Under Fed.R.Civ.P. 42(a).

Fed.R.Civ.P. 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." It is well established that Rule 42(a) "is a valuable and important tool of judicial administration" often

1

"invoked to 'expedite trial and eliminate unnecessary repetition and confusion.'" *Devlin v. Transportation Communications Intern. Union*, 175 F.3d 121, 130 (2d Cir. 1999) (citing *Consorti v. Armstrong World Industries, Inc.*, 72 F.3d 1003, 1006 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996); *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984)). As recognized by at least one commentator, the objective of Rule 42 "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2381 (West 1995 & Supp. 2004).

The court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate. *In re PRI Automation, Inc. Securities Litigation*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001) (citing *Seguro de Servicio de Salud de Puerto Rico v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989)). Where more than one complaint is in essence the same complaint including the same named parties and the same allegations in support of the claims, substantial benefits accrue from consolidation. *See id.* Once the court finds common question of law and fact and that the benefits of consolidation outweigh the costs, "the motion to consolidate ordinarily will be granted unless the opposing party shows 'demonstrable prejudice.'" *Id.* (citations omitted).

    B.    <u>Considerations Of Judicial Economy And Fairness Favor Consolidation Here, Because Common Questions Of Law And Fact Exist Between The Two Cases.</u>

A review of the claims asserted in the Declaratory Action and the Removed Action reveals that consolidation is warranted.

The Plaintiff in the Declaratory Action, SPGGC, Inc., and the Defendant in the Removed Action, Simon Property Group, Inc., (hereafter collectively "Simon") assert substantively identical claims in both actions. In the Declaratory Action, Simon is seeking a declaration that the provisions of the Massachusetts gift certificate law, Mass G.L. c. 200A, §5D, are not applicable to a seller of prepaid gift cards issued by a national bank, such as the Simon Giftcard, because of federal preemption by the National Banking Act of 1864, 12 U.S.C. § 21 *et seq.* and regulations issued by the Office of the Comptroller of the Currency (OCC). In the Removed Action, the Attorney General brought a civil enforcement action in state court for alleged violations of the gift certificate law. Simon removed the action pursuant to 28 U.S.C. §1441(b) as a matter arising under federal law because the Attorney General's claims against Simon are based on conduct which is wholly governed by the National Banking Act and OCC regulations and consequently fall within the so-called "complete preemption" doctrine.

Consolidation will permit the very same issue to be tried in one federal case rather than two. Both cases will likely involve overlapping discovery, witnesses and documents. Separate trials will inconvenience the court, any witnesses, and the parties, and will unnecessarily cause the court to hear similar evidence sequentially. Consolidation at this point in both cases will work no hardship, but instead will expedite a swift resolution of the federal issue underlying each claim.

Given the interdependence of the two actions and the many common factual and legal issues, the efficient administration of these two cases—both from the Court's and the parties' points of view—will be enhanced by consolidation. Consolidation will avoid duplicative discovery and minimize both the time and expense that the Court and the parties will incur if forced to litigate these claims separately. Finally, Simon's requested Order is squarely supported

3

by the first and most fundamental rule of litigation, the mandate that the civil rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

For these reasons Simon requests that this Court enter an Order, in the form attached, consolidating Civil Action No. 04-12398-RCL with Civil Action No. 04-12422-RCL.

Respectfully submitted,
SPGGC, INC.,

_____
Paul W. Shaw (BBO No. 455500)
Margaret Pinkham (BBO No. 561920)
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111-2600
Telephone: 617-856-8200
Facsimile: 617-856-8201

Dated:

## CERTIFICATE OF SERVICE

I hereby, certify that I have served a copy of this Motion to Consolidate in hand on November 18, 2004 on the offices of the following:

Pamela S. Kogut, Esq.
Diane Lawton, Esq.
Judith Whiting, Esq.
Assistant Attorneys General
Consumer Protection and Antitrust Division
One Ashburton Place
Boston, MA 02018

_____
Paul W. Shaw

#1313052 v\1 - strattsn - 20345/24

4