UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
04-12398-RCL

SPGGC, INC.,           )
                       )
         Plaintiff     )
                       )
vs.                    )
                       )
THOMAS F. REILLY, Attorney General  )
                       )
         Defendant     )
                       )

## ATTORNEY GENERAL THOMAS F. REILLY'S
## MOTION TO DISMISS OR STAY PROCEEDINGS

Pursuant to Fed. R. Civ. P. 12(b)(1), defendant Thomas F. Reilly, Attorney General of the Commonwealth of Massachusetts (the Attorney General), moves the Court to dismiss or stay the complaint for lack of jurisdiction. As grounds for his motion the Attorney General states as follows:

SPGGC, Inc., an affiliate of the Simon Property Group, Inc. which owns and operates 14 malls in Massachusetts, sells and promotes for sale in Massachusetts a gift certificate which it calls the Simon Gift Card. After Attorney General Thomas F. Reilly informed Simon Property Group, Inc., by letter sent on November 1, 2004, of his intention to file a lawsuit against it because its gift cards do not comply with Massachusetts law[1], SPGGC, Inc. filed this preemptive

---

[1] Simon Property Group, Inc. causes the Gift Cards to expire in one year (though state law, G.L. c. 200A, § 5D, requires that they not expire before seven), and Simon Property Group, Inc. charges "dormancy" and other fees against the balance remaining on the cards (which state

action. This action was filed on November 12, 2004. The Commonwealth, by the Attorney General, filed a state-court action in Suffolk Superior Court on November 15, 2004 pursuant to the Massachusetts Gift Certificate Law and the Massachusetts Consumer Protection Act, G.L. c. 93A. Simon Property Group, Inc. removed that suit to federal court the following day, on November 16. In addition to this Motion to Dismiss, the Commonwealth has filed a motion to remand that action.

By this action, SPGGC, Inc. seeks a declaration that the provisions of the Massachusetts gift certificate law are not applicable to it "because of preemption by the National Banking Act of 1864, 12 U.S.C., § 21 et seq. and regulations issued by the Office of the Comptroller of the Currency." (SPGGC, Inc. Complaint, page 9.) SPGGC, Inc. filed an amended complaint on November 29, 2004, and now additionally seeks a declaration that the Massachusetts Gift Certificate Law "constitutes an improper interference by Massachusetts in interstate commerce in violation of the Commerce Clause of the United States Constitution, U.S. Const. Art. I, § 8, cl. 3." (SPGGC, Inc. Amended Complaint, ¶ 41.)

This Court lacks subject matter jurisdiction over Simon's federal claims, and this action should be dismissed. Under the "well-pleaded complaint rule," federal defenses to state law claims do not create federal question jurisdiction. Caterpillar v. Williams, 482 U.S. 386, 393 (1986). Simon does not aver and cannot establish that the Massachusetts gift certificate law which the Commonwealth seeks to enforce against it is completely preempted by the National Bank Act since Simon is not a national bank and the Simon Gift Card is not subject to the NBA since it is unrelated to any "bank" functions. See, Beneficial National Bank v. Anderson, 539

---

law, G.L. c. 200A, § 5D and G.L. c. 255D, § 1, contemplates not be charged).

2

U.S. 1, 6-7 (2003) (a narrow exception to the well-pleaded complaint rule exists where state law is "completely" preempted by federal law; Section 85 of the National Bank Act completely preempts state laws related to usurious interest rates); and <u>Barnett Bank of Marion County, N.A. v. Nelson</u>, 517 U.S. 25, 33 (1996) (NBA preempts state law only to extent that state law directly conflicts with the Act or infringes upon the business of banking). Simon's Commerce Clause claim is also a defense to the Commonwealth's state court action, and may be raised as such there, but cannot create federal question jurisdiction here. <u>Heichman v. American Telephone & Telegraph Co.</u>, 943 F.Supp. 1212, 1218 (D. Calif. 1995).

Alternatively, this Court should abstain from exercising jurisdiction on the grounds of federalism and comity stated in <u>Younger v. Harris</u>, 401 U.S. 37 (1971), and <u>Railroad Comm'n v. Pullman Co.</u>, 312 U.S. 496 (1941).

For all of the reasons set forth more fully in the accompanying memorandum, this action should be dismissed or, in the alternative, stayed pending the outcome of the underlying state court proceedings.

## CERTIFICATION UNDER LOCAL RULE 7.1(A)(2)

The undersigned counsel certifies that she has conferred with counsel for the plaintiff and attempted in good faith to resolve or narrow the issue presented by the Attorney General's motion to dismiss or stay.

## REQUEST FOR ORAL ARGUMENT

Pursuant to United States Dist. Ct. Local Rule 7.1(D), the Attorney General requests oral

argument on his motion to dismiss or stay the complaint.

COMMONWEALTH OF MASSACHUSETTS

THOMAS F. REILLY
ATTORNEY GENERAL

By: _____
Pamela S. Kogut, BBO #550865
Diane Lawton, BBO # 555584
Judith Whiting, BBO #600865
Assistant Attorneys General
Consumer Protection and Antitrust Division
One Ashburton Place
Boston, MA 02018
(617) 727-2200

Dated:   December 16, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I have this 16th day of December 2004 served the Motion To Dismiss or Stay and the Memorandum in Support of same by mailing these documents by first class mail, postage prepaid, upon counsel for SPGGC, Inc., Paul W. Shaw, Esq. and Margaret M. Pinkham, Esq., Brown Rudnick Berlack Israels, LLP, One Financial Center, Boston, MA 02111-2600.

_____
Pamela S. Kogut