UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
04-12398-RCL

|  |  |
|---|---|
| SPGGC, INC., | ) |
| Plaintiff | ) |
| vs. | ) |
| THOMAS F. REILLY, Attorney General | ) |
| Defendant | ) |

### ATTORNEY GENERAL THOMAS F. REILLY'S
### MOTION FOR LEAVE TO FILE NEW AUTHORITY IN SUPPORT OF
### HIS MOTION TO DISMISS

On December 16, 2004, Thomas F. Reilly, Attorney General, the defendant in this action, filed a motion to dismiss SPGGC, Inc.'s complaint. The Attorney General now moves to file new authority, a January 5, 2005 letter of Daniel P. Stipano, Acting Chief Counsel of the Office of the Comptroller of the Currency, in support of the motion to dismiss. As grounds for this motion, the Attorney General states as follows:

#### Background

1. On December 16, 2004, the Attorney General moved to dismiss SPGGC, Inc.'s complaint, which was a preemptive suit designed to prevent the Attorney General from pursuing his state action against SPGGC, Inc. The Attorney General's suit, filed on November 15, 2004 in state court, alleged that SPGGC, Inc. ("Simon") -- an affiliate of Simon Property Group, Inc., a large mall owner that sells gift cards in Massachusetts – had violated the Massachusetts Gift

Certificate statute and Consumer Protection Act by charging dormancy fees against the cards' balances and causing the cards to expire after one year, among other things. In the instant litigation, Simon asserted federal question jurisdiction with this Court by stating that because Simon Gift Cards are "issued" by Bank of America, a national bank, the cards are governed by the National Bank Act which, it asserts, preempts state law. In ¶¶ 21 - 24 of its Complaint, Simon suggests that while the Office of the Comptroller of the Currency may regulate Simon Gift Cards, the Massachusetts Attorney General may not; Simon thus seeks to prevent the Attorney General from enforcing state law against it.

2. In his Motion to Dismiss, the Attorney General argues that this Court lacks subject matter jurisdiction over Simon's federal claims, and that this action should be dismissed. Specifically, the Attorney General states that pursuant to the "well-pleaded complaint rule," federal defenses to state law claims do not create federal question jurisdiction. Caterpillar v. Williams, 482 U.S. 386, 393 (1986). The Attorney General states in his motion that Simon does not aver and cannot establish that the Massachusetts gift certificate law which the Commonwealth seeks to enforce against it is completely preempted by the National Bank Act ("NBA") since Simon is not a national bank and the Simon Gift Card is not subject to the NBA since it is unrelated to any "bank" functions. See Beneficial National Bank v. Anderson, 539 U.S. 1, 6-7 (2003) (a narrow exception to the well-pleaded complaint rule exists where state law is "completely" preempted by federal law; Section 85 of the NBA completely preempts state laws related to usurious interest rates); and Barnett Bank of Marion County, N.A. v. Nelson, 517 U.S. 25, 33 (1996) (NBA preempts state law only to extent that state law directly conflicts with the Act or infringes upon the business of banking).

2

## The OCC Letter

3. After filing and serving the Motion to Dismiss, the Attorney General and Simon (through its counsel) received a letter from Daniel P. Stipano, Acting Chief Counsel to the Office of the Comptroller of the Currency ("OCC"). In this letter, dated January 5, 2005, the OCC analyzes the pleadings in this litigation, and notes that "[a]s the agency charged with administration of the National Bank Act and supervision of national banks, the OCC has a vital interest in the proper interpretation of the National Bank Act and its proper application to activities of national banks." Mr. Stipano concludes, on behalf of the OCC, that the NBA does not preempt Massachusetts Gift Certificate and Consumer Protection laws. The letter states, in pertinent part:

> Here, no federal cause of action has supplanted the state causes of action alleged by Massachusetts in state court. Accordingly, <u>the doctrine of complete preemption does not give the federal courts jurisdiction over those state law causes of action, and, in our view, any motion to remand the case to state court should be granted absent some other ground for federal court jurisdiction</u>.

(Emphasis added.)

4. The January 5 OCC Letter is material to the issues pending before this Court. In its Complaint, Simon asserts federal question jurisdiction based upon its position that the NBA preempts state law as concerns its Gift Cards, that the NBA regulates this product, and that the OCC, but not the Massachusetts Attorney General, may enforce the NBA. By contrast, the January 5 OCC letter states that the NBA does <u>not</u> preempt the Attorney General's claims.

5. If the Attorney General had had the January 5 OCC Letter in hand before filing his Motion to Dismiss, he would have appended it to his motion, and seeks permission to file it now. It is attached here as <u>Exhibit A</u>.

## CERTIFICATION UNDER LOCAL RULE 7.1(A)(2)

The undersigned counsel certifies that she has conferred with counsel for the plaintiff and attempted in good faith to resolve or narrow the issue presented by the Attorney General's motion for leave to file new authority in support of motion to dismiss.

THOMAS F. REILLY
ATTORNEY GENERAL

By: /s/ Pamela Kogut

Pamela S. Kogut, BBO #550865
Diane Lawton, BBO # 555584
Judith Whiting, BBO #600865
Assistant Attorneys General
Consumer Protection and Antitrust Division
One Ashburton Place
Boston, MA 02018
(617) 727-2200

Dated: January 11, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I have this 11th day of January, 2005, served the Motion For Leave to File New Authority In Support of the Attorney General's Motion to Dismiss by delivering a copy of this document by hand, upon counsel for SPGGC, Inc., Paul W. Shaw, Esq. and Margaret M. Pinkham, Esq., Brown Rudnick Berlack Israels, LLP, One Financial Center, Boston, MA 02111-2600.

/s/ Pamela Kogut
Pamela S. Kogut

Comptroller of the Currency
Administrator of National Banks

Washington, DC 20219

January 5, 2005

Thomas F. Reilly
Office of the Massachusetts Attorney General
One Ashburton Place
Boston, Massachusetts 02108

Margaret M. Pinkham
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, Massachusetts 02111-2600

Subject:   Commonwealth of Massachusetts v. Simon Property Group
           Simon Property Group, Inc. v. Reilly

Dear Mr. Reilly and Ms. Pinkham:

In connection with certain claims and defenses that have been raised in the subject litigation between the State of Massachusetts and Simon Property Group, L.P., and SPGGC, Inc. ("Simon"), we are concerned that there may be a misunderstanding of the views of the Office of the Comptroller of the Currency ("OCC"), and we are writing to clarify our position on particular legal issues presented by that litigation. In the litigation, Simon claims that complete preemption effected by the National Bank Act authorizes it to remove to federal court the action filed by the State of Massachusetts in Suffolk County Superior Court, and Simon claims in the separate federal declaratory judgment action that particular state laws are preempted by OCC regulations and the National Bank Act. As the agency charged with administration of the National Bank Act and supervision of national banks, the OCC has a vital interest in the proper interpretation of the National Bank Act and its proper application to activities of national banks.

Legal staff of the OCC have reviewed the pleadings filed in the state and federal court actions. As a preliminary matter, we disagree the causes of action asserted in state court qualify for application of the doctrine of "complete preemption" as prescribed in *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003). In *Beneficial*, all state law claims for usury against national banks had been entirely replaced by a federal statute creating an exclusive federal cause of action, so that any usury action against a national bank necessarily had to be brought as a federal claim. Here, no federal cause of action has supplanted the state causes of action alleged by Massachusetts in state court. Accordingly, the doctrine of complete preemption does not give

the federal courts jurisdiction over those state law causes of action, and, in our view, any motion to remand the case to state court should be granted absent some other ground for federal court jurisdiction.

The OCC also has considered Simon's arguments regarding substantive preemption. The facts as presented in the pleadings filed in the litigation between Massachusetts and Simon appear to be complicated and in some respects disputed. However, based on our review of the pleadings, we do not believe the state restrictions on **Simon's** fees would be preempted by 12 C.F.R. §§ 7.4007, 7.4008, 7.4009, or 7.4002 of the OCC's regulations, or the National Bank Act generally. Other issues in this litigation raise more complex factual and legal issues that we are not in a position to address at this time. Nevertheless, we believe it is appropriate that we clarify for the parties our views on these two issues.

Sincerely,

Daniel P. Stipano
Acting Chief Counsel

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.