UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPGGC, INC.<br>      Plaintiff<br><br>             v.<br><br>THOMAS F. REILLY, Attorney General<br>      Defendant | Civil Action No. 04-12398-RCL |

## PLAINTIFF'S MOTION TO STAY PROCEEDINGS
## PENDING RESOLUTION OF A RELATED MATTER

Plaintiff, SPGGC, Inc. ("Simon"), requests that this Court stay this declaratory judgment proceeding pending resolution of a similar proceeding in the United States District Court for the District of New Hampshire, which involves an almost identical legal and factual scenario as is present in this case, and is procedurally further along than the present action. *SPPGC, Inc. v. Kelly A. Ayotte, Attorney General*, Civil Action No. 04-CV-420-M. To promote judicial economy and prevent piecemeal litigation of this matter, Simon requests that this Court stay the current proceeding pending resolution in New Hampshire. In further support of this Motion, Simon states as follows:

1.      Simon is responsible for the nationwide Simon Visa GiftCard program. The Simon Visa GiftCard is a credit-card-sized prepaid payment instrument that is sold in 159 malls in 35 states and over the internet.

2.      In November 2004, the Massachusetts Attorney General notified Simon that the sale of the Simon Visa GiftCards at various malls in Massachusetts and over the internet allegedly violated provisions of the Massachusetts Gift Certificate Law, M.G.L. c. 200A, §5D and M.G. L. c. 255D §1, and the Massachusetts Consumer Protection Act, M.G.L. c. 93, and that the Commonwealth was going to file an enforcement action.

3.     At or about the same time Simon also learned that the New Hampshire and Connecticut Attorneys General were planning similar actions.

4.     In response, Simon filed this declaratory judgment action against the Attorney General of Massachusetts and filed similar actions in the United States District Courts for the District of New Hampshire and the District of Connecticut.  In all three cases, Simon sought declaratory and injunctive relief because the National Bank Act preempts certain provisions of the respective state gift certificate laws.  Additionally, Simon filed Second Amended Complaints in each of the actions, further asserting that applying the respective gift certificate laws, as applied to the Simon Visa GiftCard, improperly interfere with interstate commerce in violation of the Commerce Clause of the United States Constitution.

5.     Each Attorney General filed a motion to dismiss.

6.     On March 14, 2005, Judge McAuliffe of the New Hampshire District Court denied the Attorney General's motion to dismiss.  (Exhibit A).  To date, neither this Court nor the federal district court in Connecticut has acted on the pending motion to dismiss.

7.     On April 20, 2005, Judge McAuliffe held a scheduling conference.  (Exhibit B). At his suggestion the federal preemption and commerce clause issues will be decided by means of a motion for summary judgment, which is due to be filed by Simon on August 31, 2005, with any opposition to be filed by September 30, 2005.  (See Discovery Plan, Exhibit C).  As such, the New Hampshire action is further along procedurally than are the actions in Massachusetts and Connecticut.

8.     Given that each case raises similar issues, it would be prudent to stay this proceeding pending the outcome of the New Hampshire action.

2

9.    Staying this action pending resolution of the New Hampshire action would promote judicial efficiency by allowing the forum that is procedurally further along to resolve the issues that are involved in all three District Courts.

10.    A stay is also appropriate in this case to ensure that the action can continue if, for any reason, the New Hampshire District Court does not resolve all of the issues in this dispute.

11.    Because of the similarity in the facts and issues, the desire to preserve judicial resources and avoid piecemeal litigation and because it would allow the court to easily determine if there are any remaining viable issues at the conclusion of the New Hampshire action, staying these proceedings would be appropriate.

WHEREFORE, Plaintiff, SPGGC, Inc., hereby requests that this Court stay the current proceedings pending resolution of the related action in the United States District Court for the District of New Hampshire, *SPPGC, Inc. v. Kelly A. Ayotte, Attorney General,* Civil Action Number 04-CV-420-M.

SPGGC, INC.,

Plaintiff

/s/ Paul W. Shaw
Paul W. Shaw (BBO No. 455500)
Margaret Pinkham (BBO No. 561920)
Daniel J. Brown (BBO No. 654459)
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111-2600
Telephone:  617-856-8200
Facsimile:  617-856-8201
E-mail:pshaw@brownrudnick.com
E-mail:mpinkham@brownrudnick.com
E-mail:dbrown@brownrudnick.com

Dated:  June 6, 2005

3

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for Plaintiffs communicated with Defense Counsel on June 6, 2005 prior to filing this motion. Counsel for Defendants did not agree to the stay of proceedings requested in this motion.

_____/s/ Paul W. Shaw_____

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Pamela S. Kogut, Esq.
Diane Lawton, Esq.
Judith Whiting, Esq.
Assistant Attorneys General
Consumer Protection and Antitrust Division
One Ashburton Place
Boston, MA  02018

Dated:  June 6, 2005

/s/ Paul W. Shaw_____
Paul W. Shaw

# 1351368 v1 - BROWNDJ - 020345/0024

4

# EXHIBIT A

SPGGC, Inc. v. NHAG    CV-04-420-SM 03/14/05

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>SPGGC, Inc.</u>,
  Plaintiff

  v.          Civil No. 04-420-SM
             Opinion No. 2005 DNH 042
<u>Kelly A. Ayotte, Attorney General</u>,
  Defendant

**O R D E R**

  SPGGC, Inc. brings this action seeking a judicial declaration that provisions of New Hampshire's Consumer Protection Act are preempted by the National Bank Act and, therefore, do not apply to it as a seller of prepaid gift cards issued by a national bank.  It also seeks a declaration that various provisions of that state statute, if enforced against it, would violate the Commerce Clause of the United States Constitution.  The State moves to dismiss SPGGC's complaint, asserting that this court lacks subject matter jurisdiction and/or that SPGGC's claims are barred by the Eleventh Amendment. <u>See</u> Fed. R. Civ. P. 12(b)(1).  SPGGC objects.

## Standard of Review

When faced with a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff, as the party invoking the court's jurisdiction, has the burden to establish by competent proof that such jurisdiction exists. See Bank of N.H. v. United States, 115 F. Supp. 2d 214, 215 (D.N.H. 2000). And, in determining whether that burden has been met, the court must construe the complaint liberally, "treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). Importantly, however, the court may also consider evidence submitted by the parties, such as depositions, exhibits, and affidavits, without converting the motion to dismiss into one for summary judgment.

> In a situation where the parties dispute the predicate facts allegedly giving rise to the court's jurisdiction, the district court will often need to engage in some preliminary fact-finding. In that situation, the district court enjoys broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own jurisdiction. In such a case, the district court's findings of fact will be set aside only if clearly erroneous.

<u>Skwira v. United States</u>, 344 F.3d 64, 71-72 (1st Cir. 2003)

(citation and internal quotation marks omitted), <u>cert. denied</u>,

124 S.Ct. 2836 (2004).

## Background

SPGGC, Inc., a division of the Simon Property Group, is

responsible for issuing, distributing, and/or selling the Simon

Gift Card. The Simon Gift Card is a "stored-value card," issued

through the Bank of America. It is a "VISA" co-branded card

between the Bank of America and SPGGC, and bears the "VISA" logo.

It is accepted wherever VISA debit cards are accepted.


In November of 2004, the State notified Simon Property Group

that some of the terms and conditions under which the Simon Gift

Cards were being sold violated the New Hampshire Consumer

Protection Act, N.H. Rev. Stat. Ann. 358-A (the "CPA").

Specifically, the State informed Simon Property Group that, by

including an expiration date on the Simon Gift Card, and by

charging administrative fees (which reduced the redeemable value

of the card), it was violating state law. Parenthetically, the

court notes that the attorneys general of at least two other

3

states – New York and Massachusetts – share the view that various terms and conditions applicable to the Simon Gift Card violate state consumer protection laws (though it appears that the State of New York recently settled its claims against Simon Property Group and/or SPGGC).

Here, in response to the State's notice, and in anticipation of state court litigation (which the Attorney General threatened), SPGGC filed this action, seeking declaratory and injunctive relief. Almost immediately thereafter, the State filed an enforcement action against Simon Property Group (SPGGC's parent) in state court, seeking to halt the sale of Simon Gift Cards in New Hampshire.

As noted above, the State moves to dismiss SPGGC's petition, asserting that while SPGGC "has pled that the CPA is preempted by federal law, and that the enforcement of the CPA would violate the Commerce Clause of the U.S. Constitution . . . [t]hese are in fact defenses to the State's action, and as such do not provide this court with subject matter jurisdiction." State's Memorandum in Support of Motion to Dismiss (document no.

4

9) at 2.  In the alternative, the State asserts that SPGGC's
claims are barred by the Eleventh Amendment.  The court disagrees
on both points.

## Discussion

In its amended complaint, SPGGC alleges that: (1) the
National Bank Act preempts those portions of the New Hampshire
CPA allegedly violated by the Simon Gift Card; and (2) to the
extent the State is attempting to apply provisions of the CPA to
the Simon Gift Card, the CPA interferes with interstate commerce,
in violation of the Commerce Clause of the United States
Constitution.  Those allegations are plainly sufficient to invoke
this court's federal question subject matter jurisdiction.  See
generally 28 U.S.C. § 1331.  See also Verizon Md., Inc. v. PSC,
535 U.S. 635, 642-43 (2002); Shaw v. Delta Air Lines, Inc., 463
U.S. 85, 96 n. 14 (1983).

While the merits of SPGGC's claims are open to debate,[1] those claims are not "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)). Nor are SPGGC's claims barred by the Eleventh Amendment, as the State suggests. See, e.g., Verizon, 535 U.S. at 645-46.

## Conclusion

Whether SPGGC will prevail on its preemption and commerce clause claims is not a question currently before the court. The sole question presented by the State's motion is whether SPGGC has properly invoked this court's subject matter jurisdiction. It has.

---

[1]    See, e.g., Exhibit A to Defendant's motion to supplement its motion to dismiss (document 18), Letter from Daniel P. Stipano, Acting Chief Counsel to the Comptroller of the Currency, to Massachusetts Attorney General Thomas Reilly (expressing the view that the state consumer protection act claims asserted against Simon Property Group in the Massachusetts action are not preempted by the National Banking Act).

Accordingly, for the foregoing reasons, as well as those set forth in plaintiff's memorandum in opposition to the motion to dismiss (document no. 21), defendant's motion to dismiss (document no. 9) is denied.  Additionally, plaintiff's motion for preliminary injunctive relief (document no. 3) is denied as moot. See Plaintiff's memorandum in opposition to the motion to dismiss at 6 n.3 (conceding that "the Attorney General's suit against [Simon Property Group], filed the day after [SPGGC's federal] Complaint, mooted the particular form of injunctive relief [SPGGC] initially requested.").

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

March 14, 2005

cc:  Margaret M. Pinkham, Esq.
     Paul W. Shaw, Esq.
     Marc R. Scheer, Esq.
     David A. Rienzo, Esq.

# EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

SPGGC, Inc.,

v.                                          Case No. 04-cv-420-SM

New Hampshire Attorney General,

**O R D E R**

A pretrial conference was held on April 20, 2005, primarily
to discuss setting a trial date.  After discussion, it was agreed
that trial will be scheduled for December 7, 2005, before the
court.

The parties anticipate, however, that this case will be
resolved upon dispositive motions (federal pre-emption, Commerce
Clause).  In parallel state proceedings a basic question of state
law has been raised which, depending upon how the state court
decides the issue, may effectively end this case as well.  The
parties expect to maintain the parallel litigation and, either
after obtaining a ruling on the pending state law question, or,
assuming for argument's sake that the state's position on that
issue is correct, will file appropriate dispositive motions in

this case on the federal issues, presumably well in advance of the December 7 bench trial date.

[Note to counsel:  The procedural issue and precedent the court had in mind during the conference discussion is not applicable here - the court had in mind an "England Reservation" (England v. Louisiana State Bd. of Medical Examiners, 375 U.S. 411 (1964); see also Santini v. Connecticut Hazardous Waste Management Service, 342 F.3d 118 (2d Cir. 2003)).]

In summary, then:

**Bench Trial:  December 7, 2005**

**Dispositive Motions:        Sufficiently in advance of
                                December 7, to permit ruling.**

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

April 26, 2005

cc:  Margaret M. Pinkham, Esq.
     Paul W. Shaw, Esq.
     Marc R. Scheer, Esq.
     David A. Rienzo, Esq.

2

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| SPGGC, INC.,<br>    **Plaintiff**<br><br>v.<br><br>KELLY A. AYOTTE, Attorney General,<br>    Defendant. | Civil Action No. 04-CV-420-M |

## DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)

**DATE/PLACE OF CONFERENCE:** Telephonic conference, April 13, 2005.

**COUNSEL PRESENT/REPRESENTING:** Margaret M. Pinkham for Plaintiff; Richard Head for Defendant.

**THEORY OF LIABILITY:** This is a declaratory judgment action in which the plaintiff, SPGGC, Inc. ("Simon") seeks a ruling that the New Hampshire Consumer Protection Act is preempted by the National Bank Act, and impermissibly interferes with interstate commerce.

**THEORY OF DEFENSE:** The Attorney General argues that preemption is inapplicable and that the New Hampshire statute creates no constitutional violations.

**DAMAGES:** In a parallel state action, the Attorney General seeks restitution of all administrative fees and/or service charges incurred on Simon GiftCards sold in New Hampshire and civil penalties, and further seeks an injunction against imposition of an expiration date on Simon GiftCards.

**DEMAND:** N/A

**OFFER:** N/A

**JURISDICTIONAL QUESTIONS:** Simon seeks the ruling on federal questions, while the Attorney General will seek abstention.

**QUESTIONS OF LAW:** In the event that the New Hampshire Superior Court rules that the Simon GiftCard is a "gift certificate" under the New Hampshire Consumer Protection Act, Simon contends that the New Hampshire Consumer Protection Act is preempted by the National Bank Act because the GiftCard is issued and owned by a national bank, Bank of America. In addition, Simon contends that the application of the New Hampshire Consumer Protection Act to the GiftCard impermissibly interferes with interstate commerce.

**TYPE OF TRIAL:** Bench.

## DISCOVERY

**TRACK ASSIGNMENT**: Expedited.

**DISCOVERY NEEDED**: Simon will seek discovery regarding the Attorney General's enforcement and all communications/documents regarding Simon GiftCards; the Attorney General will seek discovery establishing the contractual and business agreements between Simon, Bank of America and WildCard, as well as information regarding the collection of administrative fees and expiration dates on the Simon GiftCard.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1))**: Waived.

**COMPLETION OF DISCOVERY**: Fact and expert discovery complete by October 31, 2005.

**INTERROGATORIES**: A maximum number of 25 interrogatories by each party, with responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION**: A maximum of 25 requests for admission by each party, with responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS**: A maximum of 10 depositions by each party, with each deposition limited to a maximum of 7 hours unless extended by agreement of the parties.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS**: Plaintiff: August 31, 2005;    Defendant: September 31, 2005; Supplementations under Rule 26(e) due October 15, 2005.

**CHALLENGES TO EXPERT TESTIMONY**: October 31, 2005.

## OTHER ITEMS

**JOINDER OF ADDITIONAL PARTIES**:        N/A

**THIRD-PARTY ACTIONS**:        N/A

**AMENDMENT OF PLEADINGS**: Plaintiff: August 31, 2005;  Defendant: August 31, 2005.

**DISPOSITIVE MOTIONS**: To Dismiss: June 1, 2005; Summary Judgment: August 31, 2005.

**SETTLEMENT POSSIBILITIES**: (2) is unlikely.

**JOINT STATEMENT RE: MEDIATION**:        N/A

**WITNESSES AND EXHIBITS**: Because the parties seek an expedited trial, the deadlines for witnesses and exhibits will be due less than one month before trial – October 14, 2005.

**TRIAL ESTIMATE**: 4-5 days.

**TRIAL DATE:** The plaintiff seeks a November 7, 2005 trial date, and the State has agreed to such a trial date in Superior Court. The State seeks a November 21, 2005 trial date in this Court.

**PRELIMINARY PRETRIAL CONFERENCE:** The plaintiff requests a preliminary pretrial conference with the Court on April 20, 2005. The State does not agree that such a conference is necessary.

**OTHER MATTERS:** Simon filed a Motion to Dismiss the parallel enforcement action brought by the Attorney General in Merrimack County Superior Court. The motion was filed on April 6, 2005 with Judge McGuire.

> SPGGC, INC.,
> Plaintiff,
>
> _____/s/ Margaret M. Pinkham_____
> Margaret Pinkham (NH Bar#9662)
> Paul W. Shaw
> Brown Rudnick Berlack Israels LLP
> One Financial Center
> Boston, MA 02111-2600
> Telephone: 617-856-8200
> Facsimile: 617-856-8201
> e-mail: mpinkham@brownrudnick.com
>
> and
>
> Marc Scheer, Esq.
> Wadleigh, Starr & Peters, P.L.L.C.
> 95 Market Street
> Manchester, NH 03101

Dated: April 15, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Richard W. Head,
 Senior Assistant Attorney General
Consumer Protection and Antitrust Bureau
33 Capitol Street
Concord, New Hampshire 03301-6397

David A. Rienzo,
 Assistant Attorney General
Consumer Protection and Antitrust Bureau
33 Capitol Street
Concord, New Hampshire 03301-6397

_____/s/ Margaret M. Pinkham_____
Margaret M. Pinkham

Dated: April 15, 2005

3